**Robert Stempler, Esq.** Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721

Telephone (760) 422-2200
Fax: (760) 479-5957

Counsel for Plaintiff

FILED
2010 NOV -4 AM 3:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAMIRO HERNANDEZ,

    Plaintiff,

vs.

ERIN CAPITAL MANAGEMENT, LLC;

ELTMAN, ELTMAN & COOPER, PC;

and

DOES 1 to 10;

    Defendants.

Case No. SA CV10 - 01695 AG (RNBx)

COMPLAINT FOR:

1. VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;

2. VIOLATING THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;

and   DEMAND FOR JURY TRIAL

Jurisdiction

1.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

///

///

- 1 -

Parties

2. The plaintiff, RAMIRO HERNANDEZ ["plaintiff" or "Mr. Hernandez"] is a natural person who, at all times relevant, resided in Orange County, California. Plaintiff has lived in California since 2004 and has never lived in Queens, New York, nor has he ever entered into a credit card agreement in Queens, New York.

3. Defendant ERIN CAPITAL MANAGEMENT, LLC ["Erin"] is a Delaware Corporation and is, in its own words a business "primarily concerned with purchasing, collecting, and servicing non-performing credit card receivables and other consumer" accounts. Erin was, at all times relevant to this complaint, an entity engaged in the business of collecting debts.

4. Defendant ELTMAN, ELTMAN & COOPER, PC ["Eltman"] is a debt collection law firm with its principal place of business located at 140 Broadway, 26th Floor, New York, NY 10005.

5. Eltman advertises itself as "the leading judgment enforcement law firm in the country" and "a leader in the debt collections industry." Eltman was, at all times relevant to this complaint, an entity engaged in the business of collecting debts.

6. The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to plaintiff, at the present time.

Facts Supporting Each Claim

7. On or about July 7, 2010, Plaintiff was contacted by "Tina Massetti" of from Eltman's "garnishment processing department".

8. Ms. Massetti advised Plaintiff that she was calling regarding a 2006 judgment purportedly taken against Plaintiff in New York Supreme Court, County of Queens in the amount of $3,080. According to Ms. Massetti, the total amount owing as of the date of the phone call including interest and other charges was over $11,000.

9.  Plaintiff informed Ms. Massetti that he had no idea he had been sued, was never served with any court documents, knew nothing about this account, had never been contacted about this matter previously, and had never lived in Queens.

10. Ms. Massetti nonetheless insisted that the judgment was valid and that Plaintiff owed over $11,000.

11. During that phone call with Ms. Massetti, Plaintiff asked how he could be garnished in California if the judgment was taken in New York. Ms. Massetti falsely stated that the judgment had been filed in California (i.e. domesticated) and that Eltman would proceed to garnishment unless Plaintiff agreed to Defendants settlement demands.

12. Plaintiff stated to Ms. Massetti that he wanted to get more information before agreeing to anything, and ended the phone call.

13. By letter dated July 13, 2010, Eltman sent a letter to Plaintiff addressed to "Ramiro Hernandez 21662 Brookhurst St. Apt A, Huntington Beach, CA 92646" (the "Letter").

14. The letter threatened to garnish Plaintiff's wages, naming his present employer, unless he called Eltman regarding an alleged debt stemming from a judgment obtained on "12-22-06" in an action titled "Erin Capital Management, LLC v. Ramiro Hernandez", "Index Number 117864/2006."

15. The notice stated: "Judgment Amount with Interest: $7810.98."

16. The letter further stated as follows:

## RAMIRO HERNANDEZ

your salary will be referred for garnishment.

You can STOP it from happening.

**Garnishment Includes:**
- Involuntary paycheck deductions as set by law
- Mandatory payment of the full judgment balance
- Mandatory payment of interest/costs

- Legal papers served to your employer

**Working with Us Means:**
- Negotiating **lesser** monthly payments
- Negotiating a **reduced** settlement amount

- Interest and costs can be waived
- Private and **confidential** settlement

**We can't help you if you don't call**

**We have confirmed your employment at FRESH GRILL FOODS.** This account will be referred out for garnishment if we don't hear from you. Please call 212-660-3100 as soon as possible to speak with a representative in our legal processing department to avoid garnishment. We look forward to hearing from you.

17. The July 13, 2010 notice is the first written notice of any kind that Mr. Hernandez received regarding the Action or the purported debt.

18. At the time Plaintiff received this letter, he had no idea that he had been sued, and was unaware of any judgment against him in this or any other matter.

19. Plaintiff disputes agreeing to or owing the Debt. Although Plaintiff did at one point have a Citibank card, it was closed in approximately 2000 with no money owing.

20. Shortly after receiving the, Mr. Hernandez again contacted Eltman by telephone and spoke with another account representative (the "other account representative").

21. During that phone call, Mr. Hernandez again explained that he had no idea he had been sued, was never served with any court documents, knew nothing about this account and had never lived in Queens.

22. Eltman again baldly insisted that the judgment was valid and that, absent entering into a settlement agreement, Defendants would garnish Plaintiff.

23. Eltman also, again, falsely claimed that it had domesticated the judgment in California and was threatening garnishment on that basis.

24. The threat made by Defendants in the Letter and in Plaintiffs conversations with Ms. Massetti and the other account representative to contact employers if consumers do not comply with payment demands, far from an anomaly, is part of the business plan developed by

Defendant, in which Defendants falsely threaten imminent employer contact and wage garnishment in order to increase and facilitate its collections and, upon information and belief, in order to avoid the expense of having a New York City Marshall serve the consumer with a proper 20-day notice of garnishment under CPLR § 5231.

25. Defendants' statements are unfair and deceptive because they falsely lead the consumer to believe that garnishment is imminent.

26. Defendants' statements are also unfair and deceptive because they present the consumer with a false set of options: Defendants would have the consumer believe that he must choose between (a) having Eltman contact the consumer's employer or (b) contacting Eltman and meeting its settlement demand.

27. Under New York law, a garnishment would require Defendants to have a marshal serve a notice of garnishment on the consumer and Defendants would be <u>prohibited</u> from contacting the employer during the 20-day period following service. Moreover, after the notice was served, the consumer would have the right to make a lump sum payment to the marshal or contact the marshal to arrange for a payment plan.

28. In addition, the letter is deceptive with regard to a consumer who, like Plaintiff, lives in California inasmuch as the California law requires that a default judgment obtained in another state be domesticated. <u>See</u> Cal. Code of Civil Procedure, Section 1710.10 et seq. Prior to domestication, garnishment is unlawful.

29. Far from an isolated instance, the Letter which Defendants sent to Plaintiff appears to be a form letter that Defendants send to consumers all over the country. In fact, it is only one example of the different form letters EEC sends to consumers that present a false set of options to either contact EEC or have EEC contact your employer.

### Policies and Practices

30. It is the defendants' practice not to require that complaints be personally served on the defendant in its collection cases.

31. It is defendants' practice to cause consumers to be served at addresses at which Defendants know or should know the consumer does not reside, with the knowledge that the vast majority of claims filed will result in default judgments and/or to continue attempts to enforce default judgments after defendants become aware that the consumer was never served.

32. It is the defendants' practice to falsely threaten consumers with the false option of either having their employer contacted regarding wage garnishment or contacting Defendants and submitting to their settlement demands.

33. It is the defendants' practice to threaten and or attempt garnishment on consumers living outside of the state of New York on the basis of undomesticated New York judgments.

34. It is defendants' practice to enforce default judgments against the wages of persons based on their having the same and first last name as a judgment debtor, without doing due diligence to ensure that the individual against whom it is attempting enforcement is, in fact, the same individual against whom judgment is taken.

35. It is defendant's practice to sue consumers in distant venues under which suit may not lawfully be brought pursuant to 15 USC 1692i(2).who are not named in the original lawsuit or on the debt.

### FIRST CLAIM FOR RELIEF
### Violating the Fair Debt Collection Practices Act
### Against all Defendants

36. Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" (including the policies and practices segment) are incorporated by reference.

37. Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

38. Citibank is a "creditor," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(4).

39. The Debt is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

40. The defendants are each a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).

41. The defendants violated the FDCPA in the following ways:

    a. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt.

    b. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

    c. Violations of § 1692e(2) by making false representations of the status or legal character of a debt.

    d. Violations of § 1692e(4) by making false representations or implication that nonpayment of the debt will result in the seizure, garnishment, attachment, or sale of any property or wages, when such action would not be lawful.

    e. Violations of § 1692e(5) by threat to take any action that cannot legally be taken or is not intended to be taken.

    f. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    g. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

    h. Violations of § 1692i by bringing a consumer collection action in a forum in which Plaintiff did not reside at the time the action was commenced and in which no contract relevant to this action was entered into.

42. The foregoing violations of the FDCPA are among the defendants' practices towards numerous consumers, such as plaintiff, for which the defendants' are motivated by enhanced collection revenues.

## SECOND CLAIM FOR RELIEF

### Violation of California Rosenthal Fair Debt Collections Practices Act

### Against Erin Capital Management, LLC

43. Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" (including the policies and practices segment) are incorporated by reference.

44. The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civil Code § 1788.1(a)(1). The Legislature found: "Unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id.

45. The defendants are "debt collectors" within the meaning of Civil Code § 1788.2, sub. (c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debts, and that none of the defendants to this claim are attorneys nor counselors at law.

46. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h), as a natural person from whom the defendants sought to collect a consumer debt alleged to be due and owing.

47. The purported debt which the defendants have attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

48. The defendants violated the Rosenthal Act, including Cal. Civil Code § 1788.17 for applicable FDCPA violations.

WHEREFORE, plaintiff prays for judgment as follows:

1. On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a), an award of actual (for purposes of a default judgment, plaintiff demands damages of $15,000) and statutory damages, costs and reasonable attorneys' fees;

2. On the Second Claim for violating the California Rosenthal Fair Debt Collection Practices Act, pursuant to § 1788.30, an award of actual (for purposes of a default judgment, plaintiff demands damages of $15,000) and statutory damages, costs and reasonable attorneys' fees;

3. And for such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiff demands trial by jury in this action.

CONSUMER LAW OFFICE OF ROBERT STEMPLER, APLC

_____
Robert Stempler, Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1695 AG (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopTheCase.com
Consumer Law Office of Robert Stempler, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721
Telephone (760) 422-2200; Fax: (760) 479-5957

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HERNANDEZ,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ELTMAN, ELTMAN & COOPER, PC; ERIN CAPITAL MANAGEMENT, LLC; DOES 1 TO 10;<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SA CV 10 - 01695 AG<br>RNBx<br><br>SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert Stempler_____, whose address is _P.O. Box 1721; Palm Springs CA 92263-1721_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI

Dated: __NOV -4 2010__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RAMIRO HERNANDEZ

**DEFENDANTS**
ELTMAN, ELTMAN & COOPER, PC
ERIN CAPITAL MANAGEMENT, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert Stemple Attorney
Consumer Law office of Robert Stemple APLC
P.O. Box 1721 Palm Springs CA 92263
Phone: 760-422-2200

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SA CV 10 - 01695**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

NOV -4 2010

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, NY |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | New York, NY |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date November 4, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)　　　　　　　　　　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　　　　　　　　Page 2 of 2